# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENTEX CORPORATION, a Delaware Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>REVISION MILITARY LTD., a Delaware corporation; and REVISION MILITARY, INC., a Canadian company,<br><br>  Defendant. | Case No. 19-921-MN<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS OF INVALIDITY OF THE GENTEX ASSERTED PATENTS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| **I.** | **INTRODUCTION** ........................................................................................................ | 1 |
| **II.** | **BACKGROUND** ......................................................................................................... | 1 |
| **III.** | **LEGAL STANDARD** ................................................................................................. | 2 |
| **IV.** | **ARGUMENT** .............................................................................................................. | 2 |
| **V.** | **CONCLUSION** .......................................................................................................... | 5 |

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................1, 2, 3, 4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................1, 2, 3, 4

*Senju Pharm. Co. v. Apotex, Inc.*,
 921 F. Supp. 2d 297 (D. Del. 2013) .............................................................................1, 2, 3

**Statutes**

28 U.S.C. § 2201(a) ...........................................................................................................1

**Other Authorities**

FED. R. CIV. P. 12(b)(6) ..................................................................................................1, 2

**I.   INTRODUCTION**

In its Counterclaims, Defendant Revision Military Ltd. and Defendant Revision Military, Inc. (collectively, "Defendants") seek a declaratory judgment of invalidity for each of the nine patents asserted by Plaintiff Gentex Corporation ("Gentex") in its Complaint.  D.I. 7 at Counterclaims Nos. 2, 4, 6, 8, 10, 12, 14, 16, 18 (hereinafter, "Invalidity Counterclaims"). However, in alleging invalidity, Defendants rely upon boilerplate statements and fail to provide any factual support for their cursory legal conclusions that each of the patents is purportedly invalid.  Defendants recite conclusory statements that the claims of each patent are invalid for failing to meet one or more of a laundry list of sections of Title 35 of the United States Code.  *Id*.

These factually unsupported legal conclusions of invalidity are insufficient to meet the minimum pleading requirements, thus they fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  This Court has rejected similar factually unsupported counterclaims of invalidity because "the pleading standards set forth in *Twombly* and *Iqbal* apply to counterclaims of invalidity."  *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 303 (D. Del. 2013). Defendants' failure to provide any facts or explanation as to why the claims of each of the asserted patents is purportedly invalid warrants dismissal of their invalidity counterclaims under Rule 12(b)(6).

**II.   BACKGROUND**

On May 17, 2019, Gentex filed a Complaint that described multiple instances of patent infringement by Defendants based on nine of Gentex's patents ("Gentex Asserted Patents").[1]  D.I. 1 ¶¶ 90-294.  Defendants answered Gentex's Complaint on July 17, 2019 and asserted eighteen

---

[1]  The Complaint also includes a count for Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) and a count for breach of contractual covenant of good faith.  D.I. 1 ¶¶ 276-294.

counterclaims, including nine counterclaims for declaratory judgment of invalidity against each of the Gentex Asserted Patents. Each of these counterclaims includes the same conclusory allegation:

> The [asserted] patent is invalid for failure to meet one or more of the conditions of patentability of inventions set forth in Title 35 of the United States Code, including Sections 102, 103, 112, 120 and 256.

D.I. 1 at Invalidity Counterclaims.

Defendants' counterclaims do not include any factual details or other description of the alleged basis for these allegations.

### III.  LEGAL STANDARD

Dismissal is proper if Defendants "fail to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to the pleader." *Senju*, 921 F. Supp. 2d at 301. To overcome a motion to dismiss, Defendants' counterclaims must "contain[] 'enough facts to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### IV.  ARGUMENT

Defendants' counterclaims seeking declaratory judgment of invalidity amount to nothing more than unsupported conclusory allegations that fail to "give [Gentex] fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555. Indeed, Defendants provide no factual allegations and do not explain why each of the Gentex Asserted Patents is allegedly invalid with respect to each of the listed sections in Title 35. Instead, the counterclaims

merely recite five sections of Title 35 of the United States Code and state that the patent is invalid for failing to meet "one or more" of them:

> The [asserted] patent is invalid for failure to meet ***one or more*** of the conditions of patentability of inventions set forth in Title 35 of the United States Code, including Sections 102, 103, 112, 120 and 256.

D.I. 1 at Invalidity Counterclaims (emphasis added).

As this District has made clear in multiple cases, "the pleading standards set forth in *Twombly* and *Iqbal* apply to counterclaims of invalidity." *Senju*, 921 F. Supp. at 303. To state a claim for relief of declaratory judgment of invalidity that is plausible on its face, Defendants must provide "more than labels and conclusions" and more than a "formulaic recitation of a cause of action's elements." *See Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted).

Here, Defendants have ignored these pleading standards and have only provided conclusory allegations of invalidity based on "a formulaic recitation" of various sections of Title 35 of the United States Code. Defendants do not explain how any of the listed sections from Title 35 forms the basis for their allegations. Further, Defendants' counterclaims are wholly devoid of any factual allegations as to how any of the Gentex Asserted Patents are allegedly invalid.

This District has expressly rejected this type of bare-bones pleading of counterclaims of invalidity on multiple occasions. Indeed, Defendants counterclaims mirror the language of counterclaims that this District has rejected on multiple occasions in the past. For example, in *EMC Corp. v. Zerto, Inc.*, Zerto's counterclaims of invalidity stated:

> One or more claims . . . is invalid for failure to comply with the conditions for patentability specified by Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.

No. CV 12-956-GMS, 2014 WL 3809365, at *2 (D. Del. July 31, 2014). The court dismissed Zerto's counterclaims holding that "bare-bones legal conclusions devoid of any supporting factual allegations" are insufficient to meet the *Twombly/Iqbal* standard. *Id.*

3

Similarly, in *Idenix Pharm., Inc. v. Gilead Scis., Inc.*, Gilead's counterclaims of invalidity stated:

> [C]laims of the [patent at issue] are invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112 . . . .

No. CV 13-1987-LPS, 2014 WL 4222902, at *6 (D. Del. Aug. 25, 2014). The court also dismissed these counterclaims noting that "[a]lthough 'counterclaims of invalidity do not need detailed factual allegations[,]' they need to, at a minimum, not only provide notice of what particular type of claims of invalidity are at issue, but also bolster those allegations with at least enough 'supporting factual allegations' to render the claims plausible. *Id*.

Like the counterclaims in *EMC* and *Idenix*, Defendants' counterclaims fail to provide any fair notice of exactly what the allegation is with respect to each section of Title 35, and the counterclaims fail to include any supporting factual allegations that could allegedly support those allegations. For example, Defendants provide (i) no prior art to support any allegation that the claims are invalid under either section 102 or 103 and (ii) no explanation as to why any claim would be invalid under any of sections 112, 120, or 256. Gentex and this Court are therefore "left to guess as to what [the Invalidity Counterclaims] are meant to put at issue and why." *Idenix*, 2014 WL 4222902, at *7. Put simply, "*Twombly* and *Iqbal* do not sanction the need for such guesswork." *Id*.

For all of these reasons, Defendants have failed to meet the pleading requirements necessary to sustain a claim that each of the Gentex Asserted Patents is invalid, and as a result, this Court should dismiss its Invalidity Counterclaims.

4

## V. CONCLUSION

For the foregoing reasons, Defendants' Invalidity Counterclaims (counterclaims 2, 4, 6, 8, 10, 12, 14, 16, and 18) must be dismissed because they fail to meet the pleading requirements of *Twombly*/*Iqbal* to state a claim for relief that is plausible on its face.

Dated: August 7, 2019

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Amy M. Dudash*
John V. Gorman (#6599)
Amy M. Dudash (#5741)
1007 Orange Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 574-7293
john.gorman@morganlewis.com
amy.dudash@morganlewis.com

Jason C. White (admitted *pro hac vice*)
Scott D. Sherwin (admitted *pro hac vice*)
Kenneth M. Kliebard (admitted *pro hac vice*)
Maria E. Doukas (admitted *pro hac vice*)
Karon N. Fowler (admitted *pro hac vice*)
77 West Wacker Drive, Suite 500
Chicago, Illinois  60601
Telephone:  (312) 324-1000
jason.white@morganlewis.com
scott.sherwin@morganlewis.com
kenneth.kliebard@morganlewis.com
maria.doukas@morganlewis.com
karon.fowler@morganlewis.com

*Counsel for Gentex Corporation*