IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENTEX CORPORATION,           ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.                                               ) | C.A. No. 19-921-MN |
| ) | |
| REVISION   MILITARY   LTD.,   and  ) | |
| REVISION MILITARY, INC.,             ) | |
| ) | |
| Defendants.  ) | |

**REVISION MILITARY LTD.'S AND REVISION MILITARY, INC.'S NOTICE OF
SUBSEQUENT AUTHORITY RELEVANT TO CLAIM CONSTRUCTION**

Pursuant to Local Rule 7.1.2(b), Defendants Revision Military Ltd. and Revision Military, Inc. (collectively, "Revision") hereby provide this notice to apprise the Court of an amendment, attached hereto as Exhibit A, Plaintiff Gentex Corporation ("Gentex") filed on March 3, 2020—four days after the parties' claim construction briefing was complete—in a patent application, Serial No. 16/513,102 ("the '102 application"), related to the patents-in-suit,[1] and that bears on one of the terms at issue in the upcoming claim construction hearing.

In that recent filing, Gentex amended the independent claims to add the word "simultaneously." Ex. A at 2 (claim 26), 4 (claims 37, 38). Gentex thereby added to all of the pending claims in the '102 application a new limitation: that the rail's recessed retaining groove

---

[1] The '102 application is related to the five Gentex Asserted Patents: U.S. Pat. Nos. 7,849,517 ("the '517 patent"), 7,908,667 ("the '667 patent"), 8,028,344 ("the '344 patent"), 9,072,328 ("the '328 patent"), and 9,717,294 ("the '294 patent"). Specifically, the '102 application is a continuation of the '344 patent, the '328 patent, and the '294 patent, and is a continuation-in-part of the '667 patent. Like all of the Gentex Asserted Patents, the '102 application claims priority to Provisional Application No. 60/691,307, filed on June 17, 2005. Like the '344 patent, the '328 patent, and the '294 patent, the '102 application also claims priority to Provisional Application No. 60/811,896, filed on June 8, 2006.

be "configured to slidably, adjustably, *and simultaneously* receive" a plurality of accessories. *Id.* (emphasis added). Prior to the amendment, none of the pending claims required that the rail receive a plurality of accessories "simultaneously."

Gentex's amendment supports Revision's proposed construction for Term 2 because it shows that Gentex knows to use the word "simultaneously" when describing a rail for attaching multiple accessories at the same time. In similar situations, the Federal Circuit as well as this District have relied on a later amendment when concluding that the un-amended language did not contain the new limitation. *See Medtronic Inc. v. Boston Scientific Corp.*, 695 F.3d 1266, 1276 (Fed. Cir. 2012) (holding district court's construction overly narrow: "[I]nclusion of the express limitation . . . in claim 171 of the RE'897 Patent, a continuation of the RE'119 Patent, suggests that the other claims [in the RE'119 patent] that do not recite such a limitation should not be so limited.") (citations omitted), *rev'd on other grounds*, *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191 (2014); *Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1333 (Fed. Cir. 2010) (holding district court's construction overly narrow: "The applicants knew how to claim a linkage group that does not substantially interfere with hybridization, as they did in the '824 and '767 patents, but specifically omitted that language from the claims of the related '928 patent."); *Forest Labs., Inc. v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 14-121-LPS, 2016 WL 54910, at *8 (D. Del. Jan. 5, 2016) (rejecting overly narrow construction: "[O]ther claims in the Went patents specifically claim 'mean' plasma memantine concentration profiles. Thus, when the applicants wanted to limit this term to cover only mean plasma concentration profiles, they knew how to do so.").

Gentex filed the preliminary amendment four days after the parties filed their Joint Claim Construction Brief (D.I. 47). In the Joint Brief, Gentex argued that the claims of U.S. Patent Nos.

7,849,517 ("the '517 patent") and 7,908,667 ("the '667 patent") require a rail for receiving accessories or accessory engagement members "at the same time." D.I. 47 at 22-25, 29-31. However, unlike the pending '102 application, none of the claims of the '517 patent or '667 patent include the word "simultaneously." *Compare* Ex. A at 2 (claim 26: "configured to slidably, adjustably, and *simultaneously* receive the plurality of accessories thereon") (emphasis added), *with* D.I. 47, Ex. A, '517 patent at JA013 (claim 1: "for slidably and adjustably receiving a plurality of accessories thereon"). Nor do the '517 patent and '667 patent claims say anything about the timing of the accessories' or accessory engagement members' attachment.

Because Gentex amended the claims of the '102 application to include the word "simultaneously," but failed to include the word "simultaneously" in any of the claims of the '517 patent or '667 patent, the patents-in-suit should not be limited to rails for receiving a plurality of accessories or accessory engagement members "at the same time," i.e., "simultaneously." Rather, their claims should be given their full scope, without this purported new limitation, by being construed to encompass rails for receiving a plurality of accessories or accessory engagement members "at the same or different times."

OF COUNSEL:
Michael A. Albert
John L. Strand
Ethan W. Marks
Michael A. Greene
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000

Dated: March 25, 2020

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
kkeller@shawkeller.com
dfry@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*