IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENTEX CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-921-MN |
| | ) |
| GALVION LTD., and GALVION, INC., | ) |
| | ) |
| Defendants. | ) |

**LETTER TO HONORABLE MARYELLEN NOREIKA**
**FROM NATHAN R. HOESCHEN**

OF COUNSEL:
Michael A. Albert
John L. Strand
Michael A. Greene
Jason W. Balich
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000

Dated: October 8, 2020

Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
kkeller@shawkeller.com
dfry@shawkeller.com
nhoeschen@shawkeller.com
*Counsel for Galvion Ltd. and Galvion Inc.*

Dear Judge Noreika:

We write in response to Gentex's letter, filed yesterday, seeking leave to amend its Complaint. A teleconference on this matter is scheduled for October 14 at 12:00 p.m.

Discovery closes tomorrow. (D.I. 63.) Gentex nevertheless seeks to dramatically expand the scope of this case, forcing the parties to litigate products, issues, claims and theories never previously alleged, and requiring the Court to reopen the *Markman* claim construction process.

Specifically, Gentex seeks to amend its Complaint by (1) adding more accused products to the existing infringement counts, (2) amending Count XI to add an allegation that Defendants breached the "Revision Agreement" between non-party Artisent Inc. ("Artisent") and Defendants (to which Gentex is not a party), and (3) adding three additional counts: (i) infringement of U.S. Patent No. 10,638,807 (the "'807 patent"), (ii) unjust enrichment, and (iii) accounting.

Defendants do not oppose the addition of the additional accused products, although that expands the scope of discovery to some extent, because that amendment at least falls within the scope of the existing case. But the Court should deny the remaining requests as both futile and prejudicial at this stage of the litigation, as they would improperly expand the scope of the case.

### Proposed Count XII (Infringement Of The '807 Patent) Would Be Futile

Leave to amend should be denied if (among other reasons) amendment would be "futile." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *El v. Marino*, 722 F. App'x 262, 265 (3d Cir.), *cert. denied*, 138 S. Ct. 2609 (2018); *Callwave Commc'ns, LLC v. AT&T Inc*., No. 12-cv-1701-RGA, 2014 WL 12709662, at *1 (D. Del. Nov. 5, 2014) (denying motion to amend to add infringement claim when such "amendments would be futile").

Gentex's proposed Count XII alleges that certain of Galvion's "Viper" products infringe claims 17-18 of the '807 Patent. Such a claim of infringement would be futile. Claim 17 is directed to a helmet assembly with a "component" that "couple[s]" a shroud mount to side rail mounts "by fasteners." Claim 18 depends from claim 17. The proposed count would be futile because, **on the face of Gentex's Complaint**, there can be no infringement: As the Complaint itself shows, the rails of the accused products have no holes where they meet the shroud mount, and the fasteners that attach the shroud mount to the helmet are *not* used to "couple[]" the side rails to any portion of the shroud mount. Complaint, ¶¶ 71, 225 (showing the Viper products, reproduced below). The "component" cannot therefore "couple[]" the shroud mount to the side rail mount "by fasteners," as claimed.

[Figure: annotated helmet image with labels — "component" where "shroud mount" meets "side rail mount"; "shroud mount"; "side rail mount"; No hole in side rail mount means "component" cannot couple mounts "by fasteners"]

Claim 17 also requires that the shroud mount be "coupled to" the cover. In Viper products with covers, the cover is located between the outside of the helmet and the various mounts. *See id.*, ¶ 255. The shroud mount thus sits on the cover, but is not coupled to it because the shroud mount is not fastened to the cover, as would be required under the plain and ordinary meaning of "couple." The Viper products cannot therefore infringe claims 17 or 18 of the '807 Patent making this proposed count futile. *Callwave Commc'ns,* 2014 WL 12709662, at *1.

Gentex's letter argues that Galvion's position is based upon incorrect claim constructions. This is wrong. As shown in the above analysis, Galvion is applying the plain meaning of the claims and is not relying on any construction. Moreover, if and to the extent claim construction would be needed (as Gentex's letter admits it would be needed) to force-fit an infringement read, Gentex's amendment would be prejudicial in requiring the Court to reopen claim construction.

### Proposed Count XII Would Unduly Prejudice Defendants

"[U]ndue prejudice to the opposing party" is another ground to deny leave to amend a complaint. *Lorenz*, 1 F.3d at 1413. Adding the new count of infringement would unduly prejudice Defendants, who have not had an opportunity to take discovery on the '807 Patent. Initial infringement contentions were served on December 9, 2019; Defendants served their invalidity contentions in January 2020; the Court concluded Markman proceedings in April 2020; and fact discovery closes tomorrow (October 9). Indeed, Gentex admits that the Court would need to re-open Markman proceedings because Gentex disagrees with Galvion's use of the claim's plain meaning, arguing that the side rails of the Viper products are "coupled to" the front shroud mount "by fasteners," even though Gentex's own Complaint shows that no fastener passes through both the front shroud mount and the side rails. Re-opening of Markman proceedings at this stage of the litigation constitutes undue prejudice. *Elan Pharma Int'l Ltd v. Abraxis Bioscience, Inc.*, No. 06-cv-438, 2007 WL 9811205, at *2 (D. Del. Dec. 6, 2007) (denying leave to amend a complaint that would require re-opening of Markman proceedings).

### The Proposed Amendments to Count XI (Adding Breach of Contract) Are Futile

In 2009, non-party Artisent entered into a licensing agreement with Revision Eyewear Inc. (now Defendant Galvion, Inc.), licensing some of the patents asserted against Defendants (the "Revision Agreement"). Complaint, ¶ 13. This license is a basis of Defendants' license defense. Gentex is not a party to that contract. Yet Gentex now seeks to amend Count XI to

allege breach of that contract – a contract to which it is not a party. Such a claim is plainly futile for lack of standing. *Johnson v. U.S. Bancorp*, No. 10-cv-1072, 2012 WL 1133689, at *3 (D. Del. Mar. 30, 2012) ("Plaintiff is not a party to a contract with Defendant and, thus, has no standing to raise a breach of contract claim."); *F.D.I.C. v. United States*, 342 F.3d 1313, 1316 (Fed. Cir. 2003) (affirming dismissal of breach of contract claim where plaintiff was neither a party to the contract nor a third-party beneficiary for lack of standing). As Gentex admits in its Complaint (at ¶ 280), the terms of the Agreement prohibited assignment of the agreement to any third party without Galvion's consent, which Galvion did not give. And Gentex has not alleged that it is a third-party beneficiary under the Agreement. As neither party nor assignee nor third-party beneficiary, Gentex's allegation that it has standing to allege breach of the Revision Agreement is futile.

### Proposed Counts XIII – XIV (Unjust Enrichment & Accounting) Are Futile

Gentex's original infringement claims (Counts I – IX) are premised on the Revision Agreement being null and void, and the asserted patents thus not being licensed to Defendants. As noted above, Gentex seeks to argue in the alternative, by amending Count XI, that the Agreement is still in force and was breached. The newly proposed unjust enrichment and accounting counts (Motion, Ex. A, Counts XIII – XIV) seek to allege yet another alternative theory: that the Revision Agreement is still valid, that Gentex did not acquire rights under it, but that nonetheless Gentex was damaged. These two counts, however, do not state a claim upon which relief could be granted. If Gentex did not acquire rights to the Revision Agreement, then Gentex has no standing to collect the royalties that Defendants allegedly failed to pay non-party Artisent. *Willekes v. Serengeti Trading Co.*, 783 F. App'x 179, 183 (3d Cir. 2019) (shareholder had no standing to claim unjust enrichment on behalf of corporation in which shareholder owned shares; "standing prohibits a plaintiff from asserting the legal rights or interests of third parties"); *Gardner by Gardner v. Parson*, 874 F.2d 131, 144 (3d Cir. 1989) (no standing to seek accounting of funds owed to relative). If Gentex had properly been assigned the Revision Agreement, then it would have a remedy at law—breach of contract—and unjust enrichment and accounting claims would not be available to Gentex because each are equitable remedies that require that no legal remedy be available. *Pennsylvania Employee, Benefit Tr. Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 485 (D. Del. 2010); *Keurig, Inc. v. Sturm Foods, Inc.*, No. 10-cv-841, 2013 WL 633574, at *1 (D. Del. Feb. 19, 2013). Gentex thus cannot, under any scenario, have standing to assert unjust enrichment or accounting claims. Proposed Counts XIII – XIV are futile.

### Conclusion

While adding the new products will increase the burdens on Defendants, they at least fall within the original parameters of this case, so Defendants do not object to that portion of Gentex's proposed amendment. The remaining amendments, however, should be denied as both futile and prejudicial.

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc:    Clerk of the Court (by CM/ECF)
        All counsel of record (by CM/ECF and email)