**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GENTEX CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GALVION LTD. and GALVION INC.,<br><br>Defendants. | Case No. 19-921-MN |

**ORDER TO AMEND SCHEDULING ORDER**

Pursuant to this Court's Order on October 14, 2020, Plaintiff Gentex Corporation and Defendants Galvion Ltd. and Galvion Inc. (collectively, the "Parties") hereby file the requested Proposed Order to amend the Scheduling Orders (D.I. 18, 63) in the instant action in the manner set forth below. There is one area of dispute between the parties on the Proposed Amended Scheduling Order, and the Plaintiff's and Defendants' respective positions on that issue is set out at the bottom of this paper:

| Scheduling Order Paragraph | Event | Current Deadline | Amended Deadline |
|---|---|---|---|
| ¶ 7(a) | Plaintiff shall identify the accused product(s) as allegedly infringed by U.S. Patent No. 10,638,807 (the '807 Patent) and shall produce the file history of the '807 Patent. | n/a | October 30, 2020 |

| | | | |
|---|---|---|---|
| ¶ 7(c) | Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims of the '807 Patent | n/a | October 30, 2020 |
| n/a | Plaintiff shall produce an initial damages model for all asserted counts | n/a | October 30, 2020 |
| ¶ 11 | Parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction in the '807 Patent and their proposed claim construction of those term(s)/phrase(s). | n/a | November 13, 2020 |
| ¶ 7(d) | Defendant shall produce its initial invalidity contentions for the '807 Patent, which preliminary contentions shall consist of all art that, as of November 13, 2020, Galvion in good faith believes invalidates the asserted claims. | n/a | November 13, 2020 |
| ¶ 11 | Parties shall file a Joint Claim Construction Chart with the Court relating to the term(s)/phrase(s) in dispute in the '807 Patent. | n/a | November 20, 2020 |

| | | | |
|---|---|---|---|
| ¶ 12 | Plaintiff shall serve, but not file, its opening *Markman* brief, not to exceed 5 pages | n/a | December 4, 2020 |
| ¶ 12 | Defendant shall serve, but not file, its answering Markman brief, not to exceed 7 pages | n/a | December 18, 2020 |
| ¶ 12 | Plaintiff shall serve, but not file, its reply *Markman* brief, not to exceed 5 pages | n/a | January 8, 2021 |
| ¶ 12 | Defendant shall serve, but not file, its sur-reply *Markman* brief, not to exceed 3 pages | n/a | January 22, 2021 |
| ¶ 12 | Parties shall file a Joint Claim Construction Brief | n/a | January 27, 2021 |
| ¶ 13 | Hearing on Claim Construction | n/a | February / March __, 2021 |
| ¶ 8(b) | Plaintiff's document production relating to the '807 Patent shall be substantially complete.[1] | n/a | May 12, 2021 |
| ¶ 14 | Deadline for Defendant's Supplementation of Identification of invalidity references for the '807 Patent. | n/a | July 30, 2021 |
| ¶ 7(e) | Final Infringement Contentions | October 16, 2020 | August 6, 2021 |

---

[1] The Parties acknowledge that document production to all other issues has already been substantially competed.

| | | | |
|---|---|---|---|
| ¶ 7(f) | Final Invalidity Contentions | November 6, 2020 | August 13, 2021 |
| ¶ 8(a) | Close of Fact Discovery | October 9, 2020 | August 20, 2021 |
| ¶ 8(f) | Opening Expert Reports on Issues for which the Party Bears the Burden of Proof | November 13, 2020 | September 7, 2021 |
| ¶ 8(f) | Rebuttal Expert Reports | December 11, 2020 | October 7, 2021 |
| ¶ 8(f) | Reply Expert Reports | January 15, 2021 | November 5, 2021 |
| ¶ 8(a) | Close of Expert Discovery | February 19, 2021 | December 8, 2021 |
| ¶ 15 | Opening Briefs for Case Dispositive and *Daubert* Motions  *See* **I below.** | March 19, 2021 | January 14, 2022 |
| ¶ 15 | Responsive Briefs for Case Dispositive and *Daubert* Motions | April 16, 2021 | February 11, 2022 |
| ¶ 15 | Reply Briefs for Case Dispositive and *Daubert* Motions | May 14, 2021 | March 11, 2022 |
| ¶ 18 | Plaintiff to Serve Draft Pretrial Order | 30 days before pretrial conference | 30 days before pretrial conference |
| ¶ 18 | Defendants to Serve Response to Draft Pretrial Order | 14 days before pretrial conference | 14 days before pretrial conference |
| ¶ 18 | Submit Joint Proposed Final Pretrial Order, to include any *in limine* requests and responses | 7 days before pretrial conference | 7 days before pretrial conference |

| ¶ 19 | Jury Instructions, Voir Dire, and Special Verdict Forms | 3 days before pretrial conference | 7 days before pretrial conference |
|---|---|---|---|
| ¶ 18 | Pretrial Conference | September 13, 2021 | July 11, 2022 at 10:00 |
| ¶ 20 | Trial (7-day jury) | September 20, 2021 | July 18, 2022 |
| ¶ 21 | Submission of Order to Enter Judgment on Verdict and Post-Trial Status Report | 7 days after a jury returns a verdict | 7 days after a jury returns a verdict |

**MATTERS IN DISPUTE -- See below for Court's Ruling\*\***

I. **Dispositive Motion Page Limits**

A. **Galvion's Position**

As counsel argued during the argument on Gentex's motion to amend (D.I. 90 at 10:13-15), with the addition of three counts to this case, including a new patent in a family separate from the patents that Gentex has already asserted, Galvion requests that the Court permit additional pages for summary judgment/dispositive motions. Such additional pages will be necessary for Galvion to address the baselessness of Gentex's additional claims. In particular, Galvion requests seven additional pages for each new count for opening and responsive briefs; two pages per count for any reply briefs; and one additional page per new count for the Concise Statement of Facts. Given the original scheduling order set the number of pages for briefing summary judgment/dispositive motions based on the original complaint, that counsel for Galvion raised the issue of requiring additional pages during the argument on Gentex's motion to amend (*id.* at 10:13-15), and counsel for Gentex did not object at that time, Galvion requests that the additional requested pages be granted in this amended scheduling order.

5

B.  **Gentex's Position**

Gentex believes that it is premature to seek an extension of the page limits for dispositive motions. The parties need to complete fact and expert discovery. Once those phases of the case are complete, the parties will be in a better position to assess the issues they will raise and the pages they will need to adequately present those arguments to the Court. At this time, Galvion's request would unnecessarily burden the Court with additional briefing even though there is no specific need for any party to present additional pages to the Court. The fact that the case now includes more counts is not a sufficient basis to automatically expand the page limits for dispositive motions. If Galvion's counsel mentioned the desire to seek additional pages for dispositive motions during the motion to amend teleconference, the fact that Gentex did not take a position at that time should not be interpreted as implicit consent to Galvion's premature request. As such, at this time, Gentex does not believe an extension of these page limits is warranted.

Dated: October 26, 2020

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Amy M. Dudash*
John V. Gorman (# 6599)
Amy M. Dudash (# 5741)
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
(302) 574-3000
john.gorman@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Plaintiff*

SO ORDERED this 27th day of October 2020

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

Respectfully submitted,

SHAW KELLER LLP

*/s/ Karen E. Keller*
Karen E. Keller (# 4489)
David M. Fry (# 5486)
Nathan Hoeschen (# 6232)
1105 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
dfry@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant*

** It is premature to address enlarging the page limits for dispositive motions. The parties may raise the issue again, if necessary, when it is clear what issues will be briefed.