**HIGHLY CONFIDENTIAL | SUBJECT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GENTEX CORPORATION, a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GALVION LTD., a Delaware corporation; and GALVION, INC., a Canadian company,<br><br>　　　　Defendants. | Civil Action No.  1:19-cv-00921-MN<br><br>**Public Version Filed September 9, 2021** |

**Letter to Honorable Christopher J. Burke from Amy M. Dudash**

John V. Gorman (#6599)
Amy M. Dudash (#5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Tel: (302) 574-3000
john.gorman@morganlewis.com
amy.dudash@morganlewis.com

Jason C. White (admitted *pro hac vice*)
Scott D. Sherwin (admitted *pro hac vice*)
Kenneth M. Kliebard (admitted *pro hac vice*)
Maria E. Doukas (admitted *pro hac vice*)
Karon N. Fowler (admitted *pro hac vice*)
110 North Wacker Drive, Suite 2800
Chicago, Illinois  60606
Tel:  (312) 324-1000
jason.white@morganlewis.com
scott.sherwin@morganlewis.com
kenneth.kliebard@morganlewis.com
maria.doukas@morganlewis.com
karon.fowler@morganlewis.com

*Counsel for Plaintiff Gentex Corporation*

**HIGHLY CONFIDENTIAL | SUBJECT TO PROTECTIVE ORDER**

This is a patent infringement case involving military helmets, including a rail system that connects attachments to the helmet. Plaintiff Gentex Corporation's development and sale of innovative helmet systems continues a long history of innovation by Artisent, Inc. and Ops-Core, Inc.—the original entities that invented this technology and then sold those assets to Gentex. These assets included intellectual property, which Gentex accuses Defendants Galvion Ltd. and Galvion, Inc. (collectively "Galvion") of infringing, and a patent license that Galvion breached.

The parties now ask the Court to resolve two discovery disputes. ***First***, Galvion has clawed-back portions of an internal business memo titled "███████████████," and other related documents, under the auspices of attorney-client privilege. But Galvion has not established the privilege should apply. ***Second***, Gentex sought to depose Mark Bajko, a former Gentex employee and Galvion's current Vice President of the Armor Business Unit, which is responsible for the Accused Products. Yet Galvion has refused. Despite meeting and conferring, the parties have been unable to reach an amicable resolution of these disputes.

Gentex respectfully requests the Court (i) compel the production of a properly redacted version of the ███████ Memo (REVMIL00049423), (ii) conduct *in camera* review of eighteen documents on Galvion's privilege log and identified in App'x A, and (iii) compel Galvion to make Mr. Bajko available for deposition.

## I. BACKGROUND

***Galvion Claws-Back the ███████ Email and Memo.*** Gentex deposed Richard Coomber, Galvion's 30(b)(6) witness on, *inter alia*, communications about Gentex, any Asserted Patent, or the possibility that Galvion might infringe any Asserted Patent, as well as business and strategic plans for each Accused Product. At the deposition, Gentex's counsel introduced an email (Ex. A, REVMIL00049422) with an attached, internal memo titled "████████████████████████" (Ex. B, REVMIL00049423). ████████████████████████████████ Ex. A. The email states: "████████████████████████████████████████████████████████████████████████████████████████████████" *Id.* ████████████ Ex. C at 227:15-228:4; Ex. D, Third Privilege Log at entries for REVMIL00049422 and REVMIL00049423. Galvion has since dropped its privilege claim for the email. *See* Ex. E, Consolidated Privilege Log at entry for REVMIL00049422 ("No longer claiming privileged.").

***Gentex Seeks to Depose Mr. Bajko.*** The parties agreed to certain limitations for fact discovery, including proceeding first with 30(b)(6) depositions and then taking individual depositions "[i]f in the course of the 30(b)(6) or a fact deposition, a witness with relevant information is identified that was not otherwise" identified for deposition per the agreement, then "the parties will negotiate in good faith to determine whether that additional witness should be deposed, the parties reserving their rights to move to compel such a deposition and/or oppose such motion." Ex. F at p. 4. The parties have completed 30(b)(6) depositions, and per the parties' agreement, Gentex has requested a personal deposition of Mark Bajko. Galvion has refused.

## II. GALVION'S REDACTIONS OF THE ███████ MEMO ARE IMPROPER

Galvion should be ordered to produce a properly redacted version of the ███████

1

memo. Galvion has not established that many of the redacted portions involved a communication with counsel or reflect legal advice rendered in a privilege communication.

Indeed, there is nothing on the face of the memo's unredacted portions that suggests the presence of information derived from attorney-client communications. For example, ▮▮▮▮ Exs. A & E. ▮▮▮▮ Still, Galvion describes the memo as "embodying and containing legal advice obtained from Lionel Blanshay, as described in the deposition of R. Coomber (277-256)." Ex. E at entry for REVMIL00049423.

The deposition testimony of "R. Coomber (277-256)" fails to establish a privilege, and Galvion has not supporting evidence to establish a privilege. ▮▮▮▮ For example, Mr. Coomber merely testified that he "▮▮▮▮" Ex. C at 229:18-25. ▮▮▮▮ which is now redacted (Ex. B at *423), Mr. Coomber stated: "▮▮▮▮" Ex. C at 240:19-241:1. ▮▮▮▮ Mr. Coomber stated he "▮▮▮▮" and "▮▮▮▮" *Id.* at 241:2-10.

This does not satisfy Galvion's burden. Nor should it. If accepted, it would dramatically extend the privilege's reach and contradict the requirement that the privilege be "construed narrowly." *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1423 (3d Cir. 1991). Indeed, one can imagine numerous scenarios where a businessperson may have talked to counsel at some point and later drafted a document or taken action with that advice somewhere "in mind." But shielding any such document based on equivocal testimony does not keep with protecting "*only* those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege." *Id.* at 1423-24 (quotation marks and citation omitted).

Mr. Coomber's other testimony fairs no better. For example, ▮▮▮▮ which is now partially redacted (Ex. B at *423), ▮▮▮▮ Ex. C at 242:22-243:1. Nothing indicated that the now-redacted portion reflects legal advice received from counsel. Also, ▮▮▮▮ memo titled "▮▮▮▮" under "▮▮▮▮" Mr. Coomber answered: "▮▮▮▮" *Id.* at 245:4-8. ▮▮▮▮ "▮▮▮▮", Mr. Coomber stated: "▮▮▮▮" *Id.* at 245:9-12 (emphasis added). ▮▮▮▮ *See* Ex. B at *423. ▮▮▮▮ memo titled "▮▮▮▮" under the "▮▮▮▮" heading—which is now entirely redacted (*id.* at *425), Mr. Coomber stated: "▮▮▮▮" Ex. C at 246:5-12. But this is far too vague and supposing to establish privilege.

Finally, even if Galvion could establish that the redacted portions of the ▮▮▮▮ memo "embod[ies] and contain[s]" information from Lionel Blanshay," which it cannot, Galvion has not shown that any such advice from Mr. Lionel Blanshay was in fact legal advice rather than "non-legal business advice." *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007).

HIGHLY CONFIDENTIAL | SUBJECT TO PROTECTIVE ORDER

### III. IN CAMERA REVIEW OF LOGGED DOCUMENTS IS NECESSARY

Gentex also requests the Court conduct *in camera* review of eighteen documents listed in Galvion's privilege log and as identified in the attached App'x A. Galvion inadvertently produced these documents and later sought to claw them back. But Galvion's log is deficient in many ways, including that it fails to identify the sender/author for certain documents or has descriptions that fail to establish the propriety of applying the privilege. Galvion remedied some but not all of the deficiencies after Gentex identified them when the parties met and conferred. As such, in camera review is "the only way to resolve whether in fact the privilege asserted applies." *Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 125 n. 2 (3d Cir. 1986) (citation omitted).

The need for *in camera* review here is particularly acute given Galvion's evolving privilege claims. *Compare* Ex. D, *with* Ex. H *and* Ex. E. Indeed, after meeting and conferring, Galvion dropped its privilege claim for eleven previously logged documents and produced previously withheld documents with redactions. Ex. H. This confirms that one cannot know from the log's descriptions if a document is properly withheld as privileged. Thus, *in camera* review is needed.

### IV. THE DEPOSITION OF MARK BAJKO IS NECESSARY AND PROPER

To streamline depositions in this case, the parties agreed to first proceed with 30(b)(6) depositions before taking any individual depositions. Per the agreement, personal depositions of additional individuals would proceed "[i]f in the course of the 30(b)(6) or a fact deposition, a witness with relevant information is identified that was not otherwise" identified for deposition. Ex. F at p. 4. Then "the parties will negotiate in good faith to determine whether that additional witness should be deposed, the parties reserving their rights to move to compel such a deposition and/or oppose such motion." *Id.* After deposing Galvion's 30(b)(6) designees, Gentex timely requested the deposition of Mr. Bajko, but Galvion refused.

Here, Mr. Bajko is a witness with highly relevant information to Gentex's claims. Mr. Bajko is the Vice President of Galvion's Armor Business Unit, which is the unit that makes and sells each of the multiple Accused Products. Ex. M. Mr. Blanshay, Galvion's CEO, ████████ ████████████. Ex. I at 106:23-107:23. ████████████████████ ████████████████████████████ (*id.* at 105:20-106:4), which is accused of infringement. Ex. J at 6, 9, 10, 12, 14, 24, 26-28. ████████████████████████████████████████████████████ *See, e.g.*, Ex. K, REVMIL00009586. ████████████████████████████████████████ "████ ████████████████████████████████████████████████████████████" Ex. L, REVMIL00025114. Still, Galvion refuses to make Mr. Bajko available for deposition.

The deposition is proportional to the case's needs. The parties have cooperated in limiting depositions to only a few, key witnesses; this one, additional deposition does not pose any undue strain on Galvion. Mr. Bajko's testimony is necessary for Gentex's fair opportunity to prepare for trial, and the Protective Order will afford adequate protection.

### V. CONCLUSION

For these reasons, Gentex requests that the Court (i) compel production of a properly redacted version of the ████████ Memo (REVMIL00049423), (ii) conduct *in camera* review of certain documents on Galvion's privilege log as identified in App'x A, and (iii) compel Galvion to make Mr. Bajko available for deposition.