# Exhibit F

**From:** White, Jason C. <jason.white@morganlewis.com>
**Sent:** Tuesday, October 27, 2020 6:31 PM
**To:** John Strand <John.Strand@WolfGreenfield.com>; Michael Albert <Michael.Albert@WolfGreenfield.com>
**Cc:** WGS-GentexvRevisionMilitary@WolfGreenfield.com; SKRevisionMilitary@shawkeller.com; Sherwin, Scott D. <scott.sherwin@morganlewis.com>; Dudash, Amy M. <amy.dudash@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>
**Subject:** RE: Gentex v. Galvion - Rule 30(b)(6) Depositions

That works for us.   Thanks

**Jason C. White**
**Morgan, Lewis & Bockius LLP**
77 West Wacker Drive, Fifth Floor | Chicago, IL 60601
Direct: +1.312.324.1775 | Main: +1.312.324.1000 | Mobile: +1.773.259.9090
jwhite@morganlewis.com | www.morganlewis.com
Assistant: Deborah McCaskill-Walton | +1.312.324.2581 |dmccaskill-walton@morganlewis.com

---

**From:** John Strand <John.Strand@WolfGreenfield.com>
**Date:** Tuesday, Oct 27, 2020, 12:23 PM
**To:** White, Jason C. <jason.white@morganlewis.com>, Michael Albert <Michael.Albert@WolfGreenfield.com>
**Cc:** WGS-GentexvRevisionMilitary@WolfGreenfield.com <WGS-GentexvRevisionMilitary@WolfGreenfield.com>, SKRevisionMilitary@shawkeller.com <SKRevisionMilitary@shawkeller.com>, Sherwin, Scott D. <scott.sherwin@morganlewis.com>, Dudash, Amy M. <amy.dudash@morganlewis.com>, Doukas, Maria E. <maria.doukas@morganlewis.com>
**Subject:** RE: Gentex v. Galvion - Rule 30(b)(6) Depositions

[EXTERNAL EMAIL]
Jason:

Anytime in that window works.  So should we say 2pm ET?  I can send around a call-in number if that time works for your team.

Best,
John

**From:** White, Jason C.
**Sent:** Monday, October 26, 2020 6:02 PM
**To:** Strand, John ; Albert, Michael
**Cc:** WGS-Gentex v. Revision Military ; SKRevisionMilitary@shawkeller.com; Sherwin, Scott D. ; Dudash, Amy M. ; Doukas, Maria E.
**Subject:** RE: Gentex v. Galvion - Rule 30(b)(6) Depositions

John:  1-3 on Wednesday works for us.  Let us know if you have a preference for a specific time.

Jason

**Jason C. White**
**Morgan, Lewis & Bockius LLP**
77 West Wacker Drive, Fifth Floor | Chicago, IL 60601
Direct: +1.312.324.1775 | Main: +1.312.324.1000 | Mobile: +1.773.259.9090
jwhite@morganlewis.com | www.morganlewis.com
Assistant: Deborah McCaskill-Walton | +1.312.324.2581 | dmccaskill-walton@morganlewis.com

**From:** John Strand <John.Strand@WolfGreenfield.com>
**Sent:** Monday, October 26, 2020 11:16 AM
**To:** White, Jason C. <jason.white@morganlewis.com>; Michael Albert <Michael.Albert@WolfGreenfield.com>
**Cc:** WGS-GentexvRevisionMilitary@WolfGreenfield.com; SKRevisionMilitary@shawkeller.com; Sherwin, Scott D. <scott.sherwin@morganlewis.com>; Dudash, Amy M. <amy.dudash@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>
**Subject:** RE: Gentex v. Galvion - Rule 30(b)(6) Depositions

[EXTERNAL EMAIL]
Thanks Jason. I've attached a further revised proposed scheduling order. The only thing we changed was adding the citations at the bottom of the document. With these changes, you have our permission to work with Shaw Keller to file.

As for a further meet and confer on the damages issue, how about sometime between 1pm and 3pm ET tomorrow, or in the same timeframe on Wednesday?

Best,
John

**From:** White, Jason C. <jason.white@morganlewis.com>
**Sent:** Friday, October 23, 2020 6:00 PM
**To:** Strand, John <John.Strand@WolfGreenfield.com>; Albert, Michael <Michael.Albert@WolfGreenfield.com>
**Cc:** WGS-Gentex v. Revision Military <WGS-GentexvRevisionMilitary@WolfGreenfield.com>; SKRevisionMilitary@shawkeller.com; Sherwin, Scott D. <scott.sherwin@morganlewis.com>; Dudash, Amy M. <amy.dudash@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>
**Subject:** RE: Gentex v. Galvion - Rule 30(b)(6) Depositions

John:

Attached is a revised draft of the scheduling order that includes one additional sentence in our section on the page limits.  Since you are now planning on filing a motion to compel, I think it would be good to have one last call to make sure we are on the same page regarding the motion.  We have some time mid-day next Tuesday and Wednesday for a call.

Jason

**Jason C. White**
**Morgan, Lewis & Bockius LLP**
77 West Wacker Drive, Fifth Floor | Chicago, IL 60601
Direct: +1.312.324.1775 | Main: +1.312.324.1000 | Mobile: +1.773.259.9090
jwhite@morganlewis.com | www.morganlewis.com
Assistant: Deborah McCaskill-Walton | +1.312.324.2581 | dmccaskill-walton@morganlewis.com

---

**From:** John Strand <John.Strand@WolfGreenfield.com>
**Sent:** Thursday, October 22, 2020 8:45 PM
**To:** White, Jason C. <jason.white@morganlewis.com>; Michael Albert <Michael.Albert@WolfGreenfield.com>
**Cc:** WGS-GentexvRevisionMilitary@WolfGreenfield.com; SKRevisionMilitary@shawkeller.com; Sherwin, Scott D. <scott.sherwin@morganlewis.com>; Dudash, Amy M. <amy.dudash@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>
**Subject:** RE: Gentex v. Galvion - Rule 30(b)(6) Depositions

[EXTERNAL EMAIL]
Jason:

Thanks again for your agreement to seek an extension from the Court yesterday so we could try to narrow any differences between the parties on these issues.

Substantively, we agree to your edits to the side agreement on discovery, which I have reproduced below in totality for the avoidance of doubt:

> In addition to the dates in the document for submission to the Court, we can agree to the following dates for disclosures between the parties (which are the dates Galvion proposed):
>
> - May 28, 2021 – Parties exchange Amended Rule 30(b)(6) Notices of Deposition.
>
> - June 9, 2021 - Parties to exchange list of corporate representatives for the opposing party's Amended Rule 30(b)(6) Notice of Deposition and provide designees' availability for deposition.
>
> - June 16, 2021 - Parties to exchange list of "other party witnesses," defined below.
>
> - November 9, 2021 – Parties provide dates and times of experts' availability for deposition.
>
> The Parties further agree to the following limitations to the remainder of fact discovery, as presently amended:
>
> 1. Plaintiff shall not serve any additional written discovery upon Defendants except for Requests for Admission, up to the maximum stated in ¶ 8(c) of the Initial Scheduling Order (D.I. 18). In light of the amended complaint, Galvion agrees to respond to the prior discovery served by Plaintiff to provide: (a) technical documents about all newly accused products, (b) sales and finance information about all newly accused products or related to the new contract counts, and (c) the design and development of those accused products, and Plaintiff reserves the right to seek additional discovery, or compel responses to prior discovery, if good cause is shown.
>
> 2. Defendants shall not serve any additional written discovery upon Plaintiff except for Requests for Admission, up to the maximum stated in ¶ 8(c) of the Initial Scheduling Order, except for written discovery

3

reasonably related to the facts and allegations added to the case by Plaintiff's Amended Complaint (D.I. 87).

3. In addition to those limits in ¶ 8(e) of the Initial Scheduling Order, the Parties shall not take any further individual depositions, except as follows:

   a. Depositions of individuals designated and deposed as corporate representatives in response to opposing party's Rule 30(b)(6) Notice of Deposition, so long as the individual is deposed in his/her corporate capacity and individual capacity at the same time;

   b. Depositions of the individual that is the named inventor of the '807 Patent;

   c. Depositions of individuals that are related to prior art of the '807 Patent that are necessitated by the addition of the '807 Patent and the scope of any such deposition shall be limited to the '807 Patent;

   d. Depositions of individuals that are named on a list of individuals that each party shall exchange with the other on the date identified above, listing individuals other than the party's corporate representatives who the party believes it may bring to testify at trial as a fact witness, along with an identification of the expected topics of their testimony ("other party witnesses"). No party shall list more than three (3) individuals in its list of other party witnesses.

   e. Depositions of individuals that a party later determines that it will call as a witness at trial, despite its best understanding at the time the list of other party witnesses was exchanged that the witness need not testify. The party needing to call the new witness will notify the other party at least 42 days prior to trial and permit the other party to take that individual's deposition as soon as practical.

   f. If in the course of the 30(b)(6) or a fact deposition, a witness with relevant information is identified that was not otherwise named in (a) – (e) above, the parties will negotiate in good faith to determine whether that additional witness should be deposed, the parties reserving their rights to move to compel such a deposition and/or oppose such motion.

   g. None of these agreements alter a party's ability or right to call adverse witnesses under the relevant rules.

4. Preliminary invalidity contentions: Galvion will only be obligated to produce contentions for the art of which it is aware of as of that date that it in good faith believes invalidates the asserted claims, understanding that Galvion may identify substantial additional prior art after that date. This does not limit Galvion's obligations to produce prior art it subsequently becomes aware of.

I've also attached a redlined draft of the second proposed amended scheduling order after having first accepted your edits. As you will see we have added a sentence with regard to our request for additional pages for summary judgement / dispositive motions.

Also, after reading your response to our section on the damages model, we came to the conclusion that the proposed amended scheduling order is not the place to demand such damages information. For the avoidance of any doubt, we believe that Galvion is entitled to such information during fact (and prior to expert) discovery, but intend to follow up with a motion to compel such information in response to Galvion's interrogatory asking for the same information. As you know, we've discussed this topic at length in the past, including on several phone calls, and believe we've adequately met and conferred under the Local Rules. Please confirm you agree, but if not, please provide your availability for early next week for a meet and confer on this topic.

Best,
John

---

**From:** White, Jason C. <jason.white@morganlewis.com>
**Sent:** Wednesday, October 21, 2020 4:53 PM
**To:** Strand, John <John.Strand@WolfGreenfield.com>; Albert, Michael <Michael.Albert@WolfGreenfield.com>
**Cc:** WGS-Gentex v. Revision Military <WGS-GentexvRevisionMilitary@WolfGreenfield.com>; SKRevisionMilitary@shawkeller.com; Sherwin, Scott D. <scott.sherwin@morganlewis.com>; Dudash, Amy M. <amy.dudash@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>
**Subject:** RE: Gentex v. Galvion - Rule 30(b)(6) Depositions

John:

I've attached a redline of the scheduling proposal after having accepted your edits. This reflects our position on the damages disclosure and dispositive motion page limits. In regard to the other issues you raised:

*Agreement as to Scope of Discovery* – We propose minor edits to paragraph 1 of your proposed discovery limitation as reflected in red below:

> (1) Plaintiff shall not serve any additional written discovery upon Defendants except for Requests for Admission, up to the maximum stated in ¶ 8(c) of the Initial Scheduling Order (D.I. 18). In light of the amended complaint, Galvion agrees to respond to the prior discovery served by Plaintiff to provide: (a) technical documents about all newly accused products, (b) sales and finance information about all newly accused products or related to the new contract counts, and (c) the design and development of those accused products, and Plaintiff reserves the right to seek additional discovery, or compel responses to prior discovery, if good cause is shown.

*Preliminary Invalidity Contentions* – We are amenable to the preliminary contention November 13 deadline understanding, as you state below, that Galvion will only be obligated to produce contentions for the art of which it is aware of as of that date that it in good faith believes invalidates the asserted claims and understanding that Galvion reserves the right to identify substantial additional prior art after that date. Please confirm that this does not limit Galvion's obligations to produce to us any prior art it subsequently becomes aware of.

Please let me know if you are amenable to the above or if there is anything you would like to discuss by phone.

Jason

**Jason C. White**
**Morgan, Lewis & Bockius LLP**
77 West Wacker Drive, Fifth Floor | Chicago, IL 60601
Direct: +1.312.324.1775 | Main: +1.312.324.1000 | Mobile: +1.773.259.9090
jwhite@morganlewis.com | www.morganlewis.com
Assistant: Deborah McCaskill-Walton | +1.312.324.2581 | dmccaskill-walton@morganlewis.com

---

**From:** John Strand <John.Strand@WolfGreenfield.com>
**Sent:** Wednesday, October 21, 2020 12:11 PM
**To:** White, Jason C. <jason.white@morganlewis.com>; Michael Albert <Michael.Albert@WolfGreenfield.com>
**Cc:** WGS-GentexvRevisionMilitary@WolfGreenfield.com; SKRevisionMilitary@shawkeller.com; Sherwin, Scott D. <scott.sherwin@morganlewis.com>; Dudash, Amy M. <amy.dudash@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>
**Subject:** RE: Gentex v. Galvion - Rule 30(b)(6) Depositions

[EXTERNAL EMAIL]
Jason:

I've attached a redline of the scheduling order you sent back.  Your minor changes with regard to the dates are reasonable (so we can likely delete the "Galvion Amended Deadline" column and just have an Proposed Amended Deadline column), but there are a few points we would like you to consider before submission of this proposed order.

***Preliminary invalidity contentions*** - In the original order, Galvion was given over 6 months to serve preliminary invalidity contentions. Here, you propose Galvion be given a mere three weeks. As a compromise, we would be willing to agree to the early November 13 date you propose, but Galvion will only be obligated to produce contentions for the art of which it is aware of as of that date that it in good faith believes invalidates the asserted claims, understanding that Galvion may identify substantial additional prior art after that date.

***Damages Model and Dispositive Motion Page Limits*** - Given our current disagreement on these points, we've added two sections to the bottom of the proposed order for the Court to consider. Galvion reserves the right to amend its arguments here before submission.

***Agreement as to Scope of Discovery*** - We generally agree with your recitation as to how to frame the parties' agreement as to the scope of discovery, but the paragraph concerning the scope of discovery from Gentex needs to be amended -- it's simply too open-ended, especially given Gentex's repeated representations that the amendments wouldn't broaden the scope of discovery.  We propose the following paragraph to address these concerns, but if there are additional categories of information Gentex can specifically identify it needs in light of the amendment, Galvion is willing to consider those:

(1)     Plaintiff shall not serve any additional written discovery upon Defendants except for Requests for Admission, up to the maximum stated in ¶ 8(c) of the Initial Scheduling Order (D.I. 18).  In light of the amended complaint, Galvion agrees to respond to the prior discovery served by Plaintiff to provide: (a) technical documents about all newly accused products, (b) sales and finance information about all newly accused products, and (c) the design and development of those accused products.

If you want to set up a time for us to talk about any of these issues before submission, please let us know.

Best,
John

---

**From:** White, Jason C. <jason.white@morganlewis.com>
**Sent:** Tuesday, October 20, 2020 1:55 PM
**To:** Albert, Michael <Michael.Albert@WolfGreenfield.com>; Strand, John <John.Strand@WolfGreenfield.com>
**Cc:** WGS-Gentex v. Revision Military <WGS-GentexvRevisionMilitary@WolfGreenfield.com>; SKRevisionMilitary@shawkeller.com; Sherwin, Scott D. <scott.sherwin@morganlewis.com>; Dudash, Amy M. <amy.dudash@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>
**Subject:** RE: Gentex v. Galvion - Rule 30(b)(6) Depositions

John and Michael:

I've attached our proposed redlines to the scheduling proposal you sent to reflect Gentex's positions.  To account for the end of year holidays and give a little extra time, we suggest pushing back Markman briefing slightly without impacting the Markman hearing date and case dispositive motion briefing back slightly without impacting proposed trial and pre-trial dates.  We also pushed fact discovery back slightly to be after the exchange of final contentions.  On the issue of

additional pages for summary judgment briefing, we continue to believe that it is premature to make the request, but you all are free to request those pages now, if you like.

In addition to the dates in the document for submission to the Court, we can agree to the following dates for disclosures between the parties (which are the dates Galvion proposed):

- May 28, 2021 – Parties exchange Amended Rule 30(b)(6) Notices of Deposition.
- June 9, 2021 - Parties to exchange list of corporate representatives for the opposing party's Amended Rule 30(b)(6) Notice of Deposition and provide designees' availability for deposition.
- June 16, 2021 - Parties to exchange list of "other party witnesses," defined below.
- November 9, 2021 – Parties provide dates and times of experts' availability for deposition.

We also are amenable to the below limitations on discovery, which we do not think need to be memorialized in the scheduling submission to the Court:

The Parties further agree to the following limitations to the remainder of fact discovery, as presently amended:

1. Plaintiff shall not serve any additional written discovery upon Defendants except for Requests for Admission, up to the maximum stated in ¶ 8(c) of the Initial Scheduling Order (D.I. 18), except for written discovery reasonably related to the facts and allegations added to the case by Plaintiff's Amended Complaint (D.I. 87).  The Parties agree that all prior discovery served by Plaintiff shall be expanded to include the allegations added to the case by Plaintiff's Amended Complaint (D.I. 87), including, for example, technical documents about accused products, sales and finance information about the accused products, and the design and development of those accused products.

(2)     Defendants shall not serve any additional written discovery upon Plaintiff except for Requests for Admission, up to the maximum stated in ¶ 8(c) of the Initial Scheduling Order, except for written discovery reasonably related to the facts and allegations added to the case by Plaintiff's Amended Complaint (D.I. 87).

(3)     In addition to those limits in ¶ 8(e) of the Initial Scheduling Order, the Parties shall not take any further individual depositions, except as follows:

a.     Depositions of individuals designated and deposed as corporate representatives in response to opposing party's Rule 30(b)(6) Notice of Deposition, so long as the individual is deposed in his/her corporate capacity and individual capacity at the same time;

b.     Depositions of the individual that is the named inventor of the '807 Patent;

c.     Depositions of individuals that are related to prior art of the '807 Patent that are necessitated by the addition of the '807 Patent and the scope of any such deposition shall be limited to the '807 Patent;

d.     Depositions of individuals that are named on a list of individuals that each party shall exchange with the other on the date identified above, listing individuals other than the party's corporate representatives who the party believes it may bring to testify at trial as a fact witness, along with an identification of the expected topics of their testimony ("other party witnesses").  No party shall list more than three (3) individuals in its list of other party witnesses.

e.     Depositions of individuals that a party later determines that it will call as a witness at trial, despite its best understanding at the time the list of other party witnesses was exchanged that the witness need not

testify.  The party needing to call the new witness will notify the other party at least 42 days prior to trial and permit the other party to take that individual's deposition as soon as practical.

> f. If in the course of the 30(b)(6) or a fact deposition, a witness with relevant information is identified that was not otherwise named in (a) – (e) above, the parties will negotiate in good faith to determine whether that additional witness should be deposed, the parties reserving their rights to move to compel such a deposition and/or oppose such motion.

> g. None of these agreements alter a party's ability or right to call adverse witnesses under the relevant rules.

Please let me know if this is amenable to Revision of if you want to discuss.

Jason

**Jason C. White**
**Morgan, Lewis & Bockius LLP**
77 West Wacker Drive, Fifth Floor | Chicago, IL 60601
Direct: +1.312.324.1775 | Main: +1.312.324.1000 | Mobile: +1.773.259.9090
jwhite@morganlewis.com | www.morganlewis.com
Assistant: Deborah McCaskill-Walton | +1.312.324.2581 | dmccaskill-walton@morganlewis.com

---

**From:** Michael Albert <Michael.Albert@WolfGreenfield.com>
**Sent:** Monday, October 19, 2020 6:27 PM
**To:** White, Jason C. <jason.white@morganlewis.com>; John Strand <John.Strand@WolfGreenfield.com>
**Cc:** WGS-GentexvRevisionMilitary@WolfGreenfield.com; SKRevisionMilitary@shawkeller.com; Sherwin, Scott D. <scott.sherwin@morganlewis.com>; Dudash, Amy M. <amy.dudash@morganlewis.com>; Doukas, Maria E. <maria.doukas@morganlewis.com>
**Subject:** RE: Gentex v. Galvion - Rule 30(b)(6) Depositions

[EXTERNAL EMAIL]
Jason,

I raised this issue during the call as one of the matters that would need to be resolved in order to minimize any prejudice resulting from the proposed amendment.  As I recall, neither you nor the Court expressed any disagreement at the time; and while you might disagree now, we are not willing to enter into a stipulation regarding the scheduling of the case that does not – as the original scheduling order did – address issues of page count.  The Court's practice is to address these issues as part of the Scheduling Order, as was done with the prior such order.

Accordingly, I hope you will reconsider.  We have attempted to be reasonable in our suggestion of how many pages would be needed; indeed, more than five per count could well be necessary and we therefore reserve the right to seek a larger number should we not be able to reach a stipulation.  But we certainly will not agree to let this matter go unaddressed in the proposed amended scheduling order, nor do I think we properly could.

Michael

> **Michael Albert**
> Shareholder
> *Admitted to Practice: MA*
> 617.646.8240

**Wolf, Greenfield & Sacks, P.C.**
600 Atlantic Avenue | Boston, MA 02210
605 Third Avenue | New York, NY 10158
Michael.Albert@wolfgreenfield.com | wolfgreenfield.com |