IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENTEX CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-921 (MN) |
| | ) |
| GALVION LTD. and GALVION INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington, this 16th day of December 2021;

WHEREAS, patent cases regularly see the filing of multiple summary judgment and *Daubert* motions (on the order of five to seven of such motions per case);

WHEREAS, the Court has found that the majority of the filed motions lack merit and should not have been filed; and

WHEREAS, as another judge in this District has stated, "[t]he proliferation of meritless summary judgment motions in patent cases is substantially taxing the Court's – and litigants' – time and resources."[1]

THEREFORE, IT IS HEREBY ORDERED that summary judgment and *Daubert* motions will not be accepted as a matter of course in this case. Instead, the following procedures are hereby adopted:

    1.    If a party wishes to file any motion(s) for summary judgment in this case, then on or before January 7, 2022, the party may file a single letter of no more than three pages

---

[1] STANDING ORDER FOR SUMMARY JUDGMENT PRACTICE IN PATENT CASES ASSIGNED TO JUDGE CONNOLLY at pg. 2 (April 30, 2021).

explaining the basis for the motion(s) and what undisputed facts support entry of summary judgment.

2. If a party wishes to file any motion(s) to exclude an expert's opinion (or multiple experts' opinions) pursuant to *Daubert*, then on or before January 7, 2022, the party may file a separate single letter of no more than three pages, identifying the opinion(s) sought to be excluded and the basis for exclusion.

3. Responses to any such letters may be filed on or before January 14, 2022. Each such responsive letter shall be no more than three pages.

4. No summary judgment or *Daubert* motions may be filed without obtaining leave from the Court according to these procedures.

_____
The Honorable Maryellen Noreika
United States District Judge