IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENTEX CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 19-921-MN |
| | ) | |
| v. | ) | |
| | ) | |
| GALVION LTD. and GALVION, INC., | ) | |
| | ) | Redacted - Public Version |
| Defendants. | ) | |

## GALVION'S STATEMENT OF FACTS IN SUPPORT OF
## ITS MOTION FOR SUMMARY JUDGMENT

OF COUNSEL:
Michael A. Albert
John L. Strand
Jason W. Balich
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

Dated: March 1, 2022

███████████████████

**UNDISPUTED FACTS**

1. Artisent Inc. ("Artisent") and Revision Eyewear Inc. entered into the Revision/Artisent Agreement ("RAA") effective October 20, 2009, under which Artisent licensed its "Side Halo Rail Attachment" technology (as defined in the RAA) to Revision and its affiliates. A035-A041, A071.

2. Galvion Inc. was once known as Revision Eyewear Inc. A056-A057.

3. The RAA states "WHEREAS the parties wish to amend and/or clarify certain of the terms … to grant certain other mutual licensing rights to each other … in the case of Revision, to its affiliates, including but not limited to, Revision Eyewear Ltd." A035.

4. Galvion Ltd. is a wholly-owned subsidiary of Galvion, Inc. A222.

5. At no time has Artisent ever terminated the RAA or even asserted that Galvion was in breach of it. A223.

6. Paragraph 16 of the RAA states, in part, that "[t]he parties agree that they shall not assign or otherwise transfer their respective rights in this Agreement except with the express prior written consent of the other party…." A039.

7. At no time has Galvion ever consented to the assignment of the RAA to Gentex Corporation ("Gentex"). A223; *see also* A069.

8. Paragraph 16 of the RAA states, in part, that "[t]he sale of control of either party hereto to any third party or parties shall not constitute an assignment or transfer of rights which would require the prior written consent of the other party hereto." A039.

9. ███████████████████████████████████████████████████ A032-A033, A066-A068, A118.

10. Paragraph 1 of the RAA states, in part, that the "term 'Side Halo Rail Attachment' shall mean any and all intellectual property described in U.S. Patent Application — 'Mounting

1

System for Accessories on a Safety Helmet' published December 21, 2006, as US-2006/0282938-81, and a sister patent application serial number 11-350,591 not yet published, as well as any continuations or divisions of these applications…. as well as any improvements or additions or modifications thereto….." A036.

11. The two applications listed in paragraph 1 of the RAA ultimately issued as U.S. Patent No. 7,849,517 ("'517 patent") and U.S. Patent No. 7,908,667 ("'667 patent"). A002, A009.

12. U.S. Patent No. 9,717,294 ("'294 patent") is a continuation of a continuation of a continuation-in-part of the '667 patent. A004.

13. The claimed inventions of the '294 patent are described by the '517 and '667 patents. A131 (showing testimony from Gentex's technical expert: "**Q.** Does the '667 patent disclose the device claimed by claim 15 of the '294 patent? **A.** Yes, it does."); A198-A200 (showing Galvion's expert's explanation that the claims of the '294 patent are "disclosed by both the '517 Patent and the '667 Patent, which has a substantially similar specification."); *compare* A005-A007 (claims of the '294 patent) *with* A009-A020 (specification of the '667 patent).

14. U.S. Design Patent No. D750,846 ("'846 patent") and U.S. Design Patent No. D750,847 ("'846 patent") are both continuations of the '294 patent. A043, A049.

15. The '667 patent describes the designs claimed by the '846 and '847 patents. A092-A093 (showing testimony from Gentex's design expert: "the design claimed by the '846 Patent … was disclosed in the application leading to the '667 Patent"; and "the design claimed by the '847 Patent … was disclosed in the application leading to the '667 Patent."); *compare* A045-A048 ('846 patent figures) *and* A051-A054 ('847 patent figures) *with* A011, A014-A017 ('667 patent figures).

16. Paragraph 5 of the RAA states, in part, that "the term 'halo system' shall mean a system for attaching units on or to helmets, which have components that are fixed or applied to more than just the sides of the helmet, but rather surround or are applied to other parts of the helmet, but without any specific area of coverage or percentage of coverage being necessary. Permitted use of said License shall also include components of a 'halo system' manufactured, sold or distributed as replacement parts for previously or contemporaneously sold Revision halo systems and/or helmets even if such components are sold as single items." A036.

17. Each accused Galvion helmet system has components for "attaching units on or to helmets" that are fixed or applied not just to the sides but also to "other parts of the helmet"—specifically, the front. A218-A220 (Galvion's VP, Richard Coomber, declaring that the Galvion helmet systems all have a front mount); A204-A209 (Galvion's expert also explaining that the Galvion helmet systems all have a front mount.).

18. The accused Galvion rail kits are sold as replacement parts for the accused Galvion helmets. A220-A221 (Galvion's VP, Richard Coomber, declaring that Galvion sells its rail kits as replacement parts.), A223 (Galvion's CEO, Jonathan Blanshay, declaring that Galvion sells its rail kits as replacement parts and that "Galvion is not aware of any customer using those kits for any purpose other than as replacement parts.").

OF COUNSEL:
Michael A. Albert
John L. Strand
Jason W. Balich
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000

Dated: March 1, 2022

/s/ Andrew E. Russell
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

4


## CERTIFICATE OF SERVICE

I, Andrew E. Russell, hereby certify that on March 1, 2022, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

John V. Gorman
Amy M. Dudash
The Nemours Building
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
(302) 574-3000
john.gorman@morganlewis.com
amy.dudash@morganlewis.com

Jason C. White
Scott D. Sherwin
Kenneth M. Kliebard
Maria E. Doukas
Karon N. Fowler
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Suite 500
Chicago, IL 60601
(312) 324-1000
jason.white@morganlewis.com
scott.sherwin@morganlewis.com
kenneth.kliebard@morganlewis.com
maria.doukas@morganlewis.com
karon.fowler@morganlewis.com

*/s/ Andrew E. Russell*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*